

Opinions of the United
States Court of Appeals
for the Third Circuit

7-6-2004

# Sunico v. Atty Gen USA

Precedential or Non-Precedential: Non-Precedential

Docket No. 03-2919

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2004

Recommended Citation

"Sunico v. Atty Gen USA" (2004). *2004 Decisions*. Paper 524.
http://digitalcommons.law.villanova.edu/thirdcircuit_2004/524

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2004 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

———

No. 03-2919

———

FAUSTINO SUNICO,

Petitioner,

v.

JOHN ASHCROFT
Attorney General of the United States,

Respondent.

———

Petition for Review of an Order
of the Board of Immigration Appeals
(Board No. A74-241-724)

———

Submitted under Third Circuit LAR 34.1(a)
July 2, 2004

Before: AMBRO, ALDISERT and STAPLETON, Circuit Judges.

(Filed: July 6, 2004)

_____

OPINION OF THE COURT

———

ALDISERT, Circuit Judge.

Because we write only for the parties, who are familiar with the facts, the procedural history and the contentions presented, we will not recite them except as necessary to the discussion. Faustino Sunico, a native and citizen of the Philippines, petitions this court to review an order of the Board of Immigration Appeals ("BIA") denying his motion to reconsider an earlier BIA determination resulting in a final removal order. Sunico contends that the BIA abused its discretion in denying his motion to reconsider. He also argues that an Immigration Judge ("IJ") improperly denied his application for suspension of deportation. For the reasons that follow, we will deny the petition.

The former Immigration and Naturalization Service[1] initiated deportation proceedings against Sunico on April 29, 1996, for having remained in the United States longer than he was permitted as a nonimmigrant visitor. Sunico conceded deportability but sought suspension of deportation under former Immigration and Nationality Act ("INA") § 244(a)(1), 8 U.S.C. § 1254(a)(1) (1995). Exercising the discretion granted by the INA, the IJ determined that Sunico had not demonstrated that deportation would result in extreme hardship to himself or his United States citizen son. Thus the IJ concluded that suspension of deportation was not appropriate. On May 29, 1998, the IJ granted

---

[1] On March 1, 2003, the INS ceased to exist as an independent agency within the Department of Justice and its functions were transferred to the Department of Homeland Security. See Homeland Security Act of 2002, Pub. L. No. 107-296, § 441, 116 Stat. 2135, 2192.

Sunico's application for voluntary departure or, in the alternative, ordered him removed to the Philippines.

On December 12, 2002, the BIA affirmed without opinion, thus making the IJ's order the final agency determination. See 8 C.F.R. § 3.1(e)(4) (2002) (current version at 8 C.F.R. § 1003.1(e)(4)). Sunico did not file a timely petition for review of the BIA's order nor a timely motion to reconsider. On January 15, 2003, he filed a motion to reconsider with the BIA. On June 17, 2003, the BIA denied the motion to reconsider. The BIA noted that the motion was filed more than 30 days after the mailing of the BIA's underlying decision and was therefore untimely under 8 C.F.R. § 1003.2(b)(2) (2003). Even if it had been timely, the BIA concluded, the motion had no merit and should be denied.

We review the BIA's decision to deny the motion to reconsider for abuse of discretion. See Nocon v. INS, 789 F.2d 1028, 1033 (3d Cir. 1986). Because Sunico did not timely petition this court for review of the BIA's December 12, 2002 order, we do not have jurisdiction to consider his contention that the BIA violated his due process rights by summarily affirming the IJ and that the BIA and IJ erred in denying his application for suspension of deportation. See 8 U.S.C. § 1252(b)(1); Nocon, 789 F.2d at 1032-1033. Yet Sunico contends the BIA abused its discretion in denying his motion to reconsider because, in its December 12, 2002 order affirming the IJ, the BIA failed to offer any analysis and reasoning and, therefore, Sunico was effectively deprived of the opportunity

3

to point out the BIA's errors in his motion to reconsider.

Sunico, however, fails to address in his brief before this court that his motion to reconsider was untimely. See 8 C.F.R. § 1003.2(b)(2). The BIA issued its order December 12, 2002, and Sunico did not file his motion to reconsider until January 15, 2003. Principally, the BIA denied Sunico's motion to reconsider because the motion was untimely. Parenthetically, the BIA noted: "The respondent has identified no error in our previous decision." (J.App. 2.)

We do not agree with the proposition that the BIA abused its discretion in denying Sunico's motion to reconsider because it was untimely filed and, secondarily, because it had no merit. Even if Sunico did not waive his challenge to the BIA's timeliness determination by failing to raise that issue in his opening brief, see FDIC v. Deglau, 207 F.3d 153, 169 (3d Cir. 2000), the BIA did not err in its determination that Sunico's motion to reconsider was not timely filed and therefore should be denied, see 8 C.F.R. § 1003.2(b)(2).

Furthermore, even if Sunico had timely filed a motion to reconsider, he did not meet his burden before the BIA to show errors of fact or law in the prior BIA decision, see 8 C.F.R. § 1003.2(b)(1), and the BIA was not required to give more reasoning than it did in its December 12, 2002, decision, see 8 C.F.R. § 1003.2(b)(3); Dia v. Ashcroft, 353 F.3d 228, 238 (3d Cir. 2003) (en banc) (holding that regulations allowing the BIA to summarily affirm an IJ without opinion do not violate due process).

4

We have considered all of the contentions raised by the parties and conclude that no further discussion is necessary.

The petition for review will be denied.

———